IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SHIMODA-ATLANTIC, INC.**
**An Arkansas Corporation**                                                    **PLAINTIFF**

v.            Case No.:    06 - 5109

**TALON HOLDINGS, INC.**
**A Delaware corporation, et al**                                              **DEFENDANTS**

**O R D E R**

NOW before the Court is the Motion to Dismiss Without Prejudice and Incorporated Brief (Doc. 28), Response by Defendants National Association of Securities Dealers, Inc. and NASD Regulation Inc. in Opposition to Plaintiff's Motion to Dismiss Without Prejudice (Doc. 29), Motion to Dismiss Plaintiffs' Complaint [sic] (Doc. 23), Brief in Support of the Motion to Dismiss Plaintiffs' Complaint [sic] (Doc. 24), Motion to Remand (Doc. 18), and Response in Opposition to Motion to Remand (Doc. 26).

Plaintiff filed its Motion to Dismiss Without Prejudice and Incorporated Brief seeking to dismiss Separate Defendants NASD Regulation, Inc. and The National Association of Securities Dealers, Inc. on the grounds that these separate defendants have not filed an answer or motion for summary judgment at the time Plaintiff sought their dismissal. Accordingly, dismissal would be proper pursuant to Rule 41 (a)(1)(i) of the Federal Rules of Civil Procedure. Defendants argue that because Plaintiff filed its dismissal as a "Motion"

rather than a "notice," Plaintiff is effectively seeking dismissal under Federal Rule of Civil Procedure 41 (a)(2), which allows dismissal upon Order of the Court and with prejudice. However, the Court will construe the "Motion" to be a notice of dismissal under Federal Rule of Civil Procedure 41 (a)(1)(i). Accordingly, the Motion to Dismiss Without Prejudice and Incorporated Brief (Doc. 28) is hereby GRANTED. Defendants NASD Regulation, Inc. and National Association of Securities Dealers, Inc. are hereby DISMISSED without prejudice.

Plaintiff has also filed a Motion to Remand (Doc. 18) and Memorandum Brief in Support of Motion to Remand (Doc. 18-2). Plaintiff seeks to remand the case due to the lack of unanimity between the Defendants for removal, and that there is nothing before the Court, other than a conclusion of Defendant NASD, that the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00.

The "rule of unanimity" comes from the language of 28 U.S.C. § 1446(b) and requires that all defendants who have been served prior to removal join in the removal petition or clearly show their consent to removal. *See, e.g. Marano Enters. Of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001). Plaintiff states that Defendants Mix Group, Firo, and Lochrie were served at the time of removal and failed to consent as required by the unanimity rule. However, the Proof of Service (Doc. 21), filed by Plaintiff's attorney, states that Defendants Mix Group, Firo, and Lochrie were served on June 17, 2006. The Notice of Removal was filed on June 16, 2006. Thus, Defendants Mix Group, Firo, and Lochrie were not served at the time of removal.

Non-served defendants do not have the same requirements as served defendants

regarding consent for purposes of removal. "It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal." *Roberts v. Palmer, et al.*, 354 F. Supp.2d 1041 (E.D. Mo. 2005)(citations omitted). As reflected above, Defendants Mix Group, Firo, and Lochrie were not served at the time of removal, and the petition for removal is not procedurally flawed for their failure to join. Indeed,

> the only action contemplated by § 1448 to be taken upon the post-removal service of a previously unserved defendant is for the defendant to move to remand the case to State court. Nowhere does the statute require an affirmative act of consent by [the previously unserved defendant] for an otherwise properly removed action to remain in federal court. *Id.* at 1045.

Plaintiff also claims the Petition for removal is deficient as there is nothing other than a "self-serving conclusion" to demonstrate the amount in controversy exceeds $75,000.00. However, in its complaint, Plaintiff demands a judgment for the full amount of the contract set out as Exhibit 2 to the Complaint. Exhibit 2, the contract, is a purchase agreement for 20,000,000 shares of Plaintiff's stock and the aggregate purchase price is stated to be $3,000,000.00.

The party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. *Rasmussen v. State Farm Mut. Auto. Ins. Co.,* 410 F.3d 1029, 1031 (8th Cir. 2005) (quoting *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005)). By Plaintiff's own pleading, it appears Plaintiff is seeking damages beyond the requisite amount in controversy.

Additionally, Defendants sought removal based on a federal question being presented in Plaintiff's complaint. However, as the Court finds above that diversity jurisdiction has been met, the Court does not reach the issue of federal question jurisdiction. The Motion to Remand

AO72A
(Rev. 8/82)

(Doc. 18) is hereby DENIED.

Defendants National Association of Securities Dealers, Inc., and The NASD Regulation, Inc. also filed a Motion to Dismiss Plaintiff's Complaint (Doc. 23). Because the Motion to Dismiss (Doc. 28) is granted, and Defendants National Association of Securities Dealers, Inc. and The NASD Regulation, Inc. are dismissed without prejudice, the Motion to Dismiss Plaintiff's Complaint (Doc. 23) is hereby DENIED AS MOOT.

IT IS SO ORDERED.

/s/    Robert T. Dawson
    Honorable Robert T. Dawson
    United States District Judge

AO72A
(Rev. 8/82)