```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION


SHIMODA-ATLANTIC, INC.                              PLAINTIFF

VS.                    CASE NO. 06-CV-5109

TALON HOLDINGS, INC.,
MIX GROUP OF SOUTH FLORIDA, INC.,
JOHN DOE #1 A/K/A JOHN V. FIRO A/K/A
THOMAS V. FARO, ROBERT BETTES,
PATRICK JOSEPH LOCHRIE, AND
JOHN DOE #3 A/K/A MOHAMMED GALANI
A/K/A MOHAMMED GILANI                              DEFENDANTS
```

### MEMORANDUM OPINION & ORDER

Currently before the Court is Plaintiff's Motion to Remand and Brief in Support (Doc. 35) and the United States of America's Response (Doc. 48); Plaintiff's Motion to Dismiss Without Prejudice (Doc. 47) and the United States' Response (Doc. 53); the United States' Motion to Dismiss and Brief in Support (Docs. 38-39); and Plaintiff's Motion to Strike Pleadings, Brief in Support and Supplemental Brief (Doc. 40-41, 44) and the United States' Response (Doc. 49).

The Court finds, for the reasons set forth below, that Plaintiff's Motion to Remand (Doc. 35) is DENIED; Plaintiff's Motion to Dismiss Without Prejudice (Doc. 47) is GRANTED IN PART AND DENIED IN PART; the United States' Motion to Dismiss (Doc. 38) is GRANTED, and Plaintiff's Motion to Strike (Doc. 40) is DENIED.

1

**Background**

Plaintiff initially filed a complaint against Talon Holdings, Inc. (Talon); the Mix Group of South Florida, Inc. (Mix Group); John Doe #1 a/k/a John v. Firo a/k/a Thomas V. Faro (Firo); Robert Bettes a/k/a Robert O. Brewer (Bettes); Patrick Joseph Lochrie (Lochrie); John Doe #3 a/k/a Mohammed Galani a/k/a Mohammed Gilani (Galani); the National Association of Securities Dealers, Inc. (NASD); and NASD Regulation , Inc. (NASD Regulation), in the Circuit Court of Benton County, Arkansas, Civil No. 06-1095, alleging theft of trade secrets, violations of the Arkansas Securities Act, fraudulent inducement and violations of NASD Rule 3020.  Separate Defendants NASD and NASD Regulation removed the case on June 16, 2006 (doc. 1) citing both diversity of citizenship and federal question jurisdiction. On that date, the United States District Court Clerk (the Clerk) directed Plaintiff to file affidavits of service for all defendants that had been served and proof of service for defendants to be served in the future.

On July 11, 2006, Plaintiff filed a motion to remand the case to state court as all defendants served at the time of removal did not consent to the removal; specifically, the Mix Group, Firo and Lochrie (Doc. 18).  On July 13, 2006, NASD and NASD Regulation filed an amended removal notice adding an allegation that at the time of removal none of the other defendants had been properly served (Doc. 19).  On July 14, 2006, Plaintiff filed copies of

2

certified mail, restricted delivery receipts for Separate Defendants the Mix Group, Lochrie and Firo showing that service was effected on June 17, 2006.

On July 18, 2006, NASD and NASD Regulation filed a motion to dismiss (Doc. 23) alleging (1) Plaintiff failed to exhaust its administrative remedies before the SEC; (2) no private cause of action exists against NASD for violations of its own rules or the Exchange Act; (3) the NASD is immune from suits related to its regulatory activities; and (4) Plaintiff failed to state a claim for negligence or fraud under Arkansas law.

On August 5, 2006, Plaintiff moved to nonsuit its action against Separate Defendants NASD and NASD Regulation (Doc. 28). On August 24, 2006, the Court granted the motion dismissing NASD and NASD Regulation without prejudice (Doc. 30).  As a result of this ruling, the Court denied NASD and NASD Regulation's motion to dismiss as moot.  In that opinion, the Court denied Plaintiffs' Motion to Remand finding that all defendants served at the time of removal consented to removal and that diversity jurisdiction existed.  The Court did not reach the issue of whether federal jurisdiction existed.

On November 9, 2006, the Clerk entered a default order against Separate Defendants the Mix Group, Firo and Lochrie (Doc. 34).  To date, Plaintiff has not filed proof of service as to Separate Defendants Talon, Bettes and Galani.

3

**AO72A**
**(Rev. 8/82)**

On November 10, 2006, Plaintiff filed another Motion to Remand that is currently before the Court (Doc. 35). In that motion, Plaintiff contends the Court should remand the case as all defendants did not consent to the removal and federal question jurisdiction no longer exists after the dismissal of NASD and NASD Regulation.

On November 13, 2006, a certification of scope of employment and a notice substituting the United States of America for Separate Defendants Bettes, Firo and Galani (Docs. 36-37)[1] was filed pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679(d)(1) (Westfall Act). The United States also filed a motion to dismiss for lack of subject matter jurisdiction (Doc. 38) alleging that the claims against these Separate Defendants are now claims against the United States pursuant to the Federal Tort Claims Act and must be dismissed on grounds of sovereign immunity as Plaintiff failed to exhaust its administrative remedies prior to filing suit.

On November 14, 2006, Plaintiff filed a Motion to Strike the notice of substitution, certification of scope of employment and the United States' motion to dismiss and brief in support as untimely and procedurally inappropriate. On November 20, 2006, Plaintiff moved to dismiss this action without prejudice as to

---

[1] Separate Defendant Patrick Joseph Lochrie has requested a scope of employment certification that is pending with the Department of Justice.

Separate Defendants Robert Bettes and Mohammed Galani (doc. 47).

**Analysis**

On November 13, 2006, the United States filed a notice of substitution and certification of scope of employment on behalf of Separate Defendants Bettes, Firo and Galani pursuant to the Westfall Act. (Docs. 36-37). Federal law authorizes the Attorney General to certify that a United States employee was acting within the scope of his employment at the time of an incident which gives rise to a civil claim. 28 U.S.C. § 2679(d)(1) and (2). Once certification is given in a civil action, federal law mandates both the substitution of the United States as defendant and, if the case is pending in state court, removal of the action to federal court. *Id.* Accordingly, Plaintiff's claims for money damages against Separate Defendants Firo, Bettes and Galani are DISMISSED WITH PREJUDICE, and the United States is substituted as party-defendant on those claims as of November 13, 2006, the date of the filing of the certification (Doc. 36).

As a result of this substitution, Plaintiff's Motion to Remand (Doc. 35) is DENIED as the Westfall Act mandates the action to be in federal court. Further, Plaintiff's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Plaintiff's Motion is GRANTED as to Plaintiff's claims for equitable relief against Bettes, Firo and Galani, and these Defendants are DISMISSED WITHOUT PREJUDICE. Plaintiff's Motion to Dismiss (Doc. 47) is DENIED AS MOOT as to

Plaintiff's claims for money damages against Separate Defendants Bettes, Firo and Galani as they were dismissed as defendants as of November 13, 2006.  Plaintiff's Motion to Dismiss was filed on November 20, 2006.  Plaintiff's Motion to Strike Pleadings (Doc. 40) is DENIED as the Court finds that substitution of the United States for Bettes, Firo and Galani is mandated by the Westfall Act.

The United States moves to dismiss all claims against it as Plaintiff failed to exhaust its administrative remedies in accordance with the Federal Tort Claims Act.  *See* 28 U.S.C. § 2679(a).  Plaintiff did not file a response to this motion. Accordingly, the Court finds that the motion should be GRANTED, and all claims against the United States are DISMISSED for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds of sovereign immunity.

As to Separate Defendant Talon, the Clerk issued a notice on September 6, 2006, advising Plaintiff there was no proof of service for this defendant.  To date, the file does not reflect any proof of service upon Talon.  Accordingly, Plaintiff is directed to show cause within ten (10) days as to why its claims against Talon should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**Conclusion**

The Court finds that Plaintiff's Motion to Remand (Doc. 35) is

AO72A
(Rev. 8/82)

DENIED; Plaintiff's Motion to Dismiss Without Prejudice (Doc. 47) is GRANTED IN PART AND DENIED IN PART; the United States' Motion to Dismiss (Doc. 38) is GRANTED, and Plaintiff's Motion to Strike (Doc. 40) is DENIED.

IT IS SO ORDERED this 18th day of January 2007.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge