UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHIMODA-ATLANTIC, INC.                                        PLAINTIFF

    vs.              Case No. 06-5109

TALON HOLDINGS, INC., ET AL                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

Currently before the Court are the Motion for Extension of Time (Doc. 67) and Motion to Declare Clerk's Default as Void or, in the alternative, Enter an Order Vacating Clerk's Default (Doc. 59) filed by Separate Defendant Patrick Joseph Lochrie. Also before the Court are Plaintiff's Response (Doc. 61) and Lochrie's Reply (Doc. 69). Based on the reasons stated below, Separate Defendant Lochrie's Motions (Docs. 59 & 67) are **GRANTED.**

**A. Background**

Plaintiff filed its Complaint on June 6, 2006, in the Circuit Court of Benton County, Arkansas. (Doc. 1, Ex. A). On June 16, 2006, the case was removed to this Court (Doc. 1). That same day, the United States District Clerk advised Plaintiff to file affidavits of service for defendants already served and proof of service for defendants to be served in the future.

On July 14, 2006, Plaintiff filed its proof of service as to Lochrie contending Lochrie was served on June 17, 2006 by

**AO72A
(Rev. 8/82)**

certified mail, restricted delivery.  (Doc. 21, Ex. B).  On November 9, 2006, Plaintiff filed an affidavit in support of default certifying that it had served Lochrie by certified mail and that Lochrie had not filed a responsive pleading or motion to dismiss (Doc. 33).  Accordingly, the Clerk filed its entry of default against Lochrie (Doc. 34).

On January 11, 2007, Lochrie filed a motion requesting the Court to set aside the Clerk's entry of default (Doc. 59) contending he was never personally served and that the signature on the proof of service is that of an "R. Parker" not Lochrie (Doc. 69).

**B. Standard of Review**

An entry of default may be set aside by the District Court for good cause shown.  Fed. R. Civ. P. 55(c).  In determining whether good cause exists, the Eighth Circuit has considered "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781 (8th Cir. 1998).  Judge Loken wrote that "[o]ur cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Id*. at 784.

AO72A
(Rev. 8/82)

**C. Analysis**

Lochrie filed a motion for an extension of time to file a reply to Plaintiff's Response (Doc. 67).  The Court finds that this Motion should be **GRANTED**, and Lochrie's Reply (Doc. 69) is deemed timely filed.

Lochrie has provided an affidavit to the Court where he avers that he was not served with the summons and complaint, the address on the U.S.P.S. Certified Mail Receipt is neither his home nor work address, the signature on the receipt is not his signature, and Lochrie does not employ or know an individual by the name of R. Parker (Doc. 69, Ex. C).

After reviewing the proof of service provided by Plaintiff, as well as the affidavit of Lochrie, the Court finds that no prejudice will result from setting aside the entry of default, nor was Lochrie intentionally delaying these proceedings.  Accordingly, Separate Defendant Patrick Joseph Lochrie's Motion to Set Aside the Entry of Default (Doc. 59) is **GRANTED.**

IT IS SO ORDERED this 5th day of February, 2007.

> /s/ Robert T. Dawson
> Honorable Robert T. Dawson
> United States District Judge