IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHIMODA-ATLANTIC, INC.                                      PLAINTIFF

VS.                      CASE NO. 06-CV-5109

TALON HOLDINGS, INC.,
MIX GROUP OF SOUTH
FLORIDA, INC. AND
PATRICK JOSEPH LOCHRIE,                                    DEFENDANTS

**MEMORANDUM OPINION & ORDER**

Currently before the Court is the Motion for Certification Pursuant to 28 U.S.C. § 2679(d)(3) (Doc. 84) filed by Separate Defendant Patrick Lochrie.  Also before the Court are responses filed by Plaintiff (Doc. 87) and the United States of America (Doc. 88); as well as Lochrie's Reply (Doc. 91).

The Court finds, for the reasons reflected below, that Separate Defendant Lochrie's Motion for Certification (Doc. 84) is GRANTED.  Accordingly, Plaintiff's claims against Separate Defendant Lochrie are DISMISSED WITH PREJUDICE, and the United States is substituted as party-defendant on those claims.

**Background**

Plaintiff initially filed a complaint against Talon Holdings, Inc. (Talon); the Mix Group of South Florida, Inc. (Mix Group); John Doe #1 a/k/a John v. Firo a/k/a Thomas V. Faro (Firo); Robert Bettes a/k/a Robert O. Brewer (Bettes); Patrick Joseph Lochrie (Lochrie); John Doe #3 a/k/a Mohammed Galani a/k/a Mohammed Gilani

1

(Galani); the National Association of Securities Dealers, Inc. (NASD); and NASD Regulation, Inc. (NASD Regulation), in the Circuit Court of Benton County, Arkansas, Civil No. 06-1095, alleging theft of trade secrets, violations of the Arkansas Securities Act, fraudulent inducement and violations of NASD Rule 3020. Separate Defendants NASD and NASD Regulation removed the case on June 16, 2006 (doc. 1) citing both diversity of citizenship and federal question jurisdiction. Separate Defendants NASD and NASD Regulation were dismissed without prejudice on August 24, 2006 on motion by Plaintiff.

On November 13, 2006, a certification of scope of employment and a notice substituting the United States of America for Separate Defendants Bettes, Firo and Galani (Docs. 36-37) was filed pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679(d)(1) (Westfall Act). At that time, Separate Defendant Lochrie's request for a scope of employment certification remained pending with the Department of Justice. On November 30, 2007, the Department of Justice denied Separate Defendant Lochrie's request stating he was not an "employee of the Government." (Doc. 88, Ex. A).

Separate Defendant Lochrie now moves to certify that he was acting as an employee of the United States within the meaning of 28 U.S.C. § 2671, and was acting within the scope of his office or employment within the meaning of 28 U.S.C. § 2679(d)(3) at the time

of the incidents out of which Plaintiff's claims arise.

### Analysis

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts that they undertake in the course of their official duties. *Osborn v. Haley*, 127 S.Ct. 881, 887 (2007) *citing* 28 U.S.C. § 2679(b)(1). When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id*. at 887-88, *quoting* § 2679(d)(1),(2). Upon the Attorney General's certification, the employee is dismissed from the action and the United States is substituted as defendant in the place of the employee. *Id*. In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. 28 U.S.C. § 2679(d)(3).

An "employee of the government" includes "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. Whether one is an employee of the United States is determined by reference to federal

law.  *Cavazos v. United States,* 776 F.2d 1263 (5th Cir. 1985).

The FTCA's definition of "employee" for purposes of the Act does not require that a person possess formal employee status. Rather, it includes any "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."

Lochrie provided assistance to the Federal Bureau of Investigation as a cooperating witness during an undercover investigation of four of Plaintiff's principal shareholders and officers.  Lochrie posed as a business associate of Special Agent John Osa.  According to the United States, Lochrie attended various meetings between the FBI agents and Plaintiff's officers.  The FBI agents instructed Lochrie as to what he should say during the meetings and that Lochrie never deviated from those instructions.

The Eighth Circuit has not decided whether a cooperating witness or an informant may be considered a government employee for purposes of the Westfall Act or the FTCA.  Lochrie relies on three decisions to support his contention that he should be considered an employee: (1) *Patterson & Wilder Construction Co., Inc. v. United States*, 226 F.3d 1269 (11th Cir. 2000)(evidence existed upon which a reasonable factfinder could determine that private pilots hired by government to carry out covert narcotics operation were temporary employees of the government); (2) *Wang v. Horio*, 741

AO72A
(Rev. 8/82)

F.Supp. 1373 (N.D. Cal. 1989)(financial consultant was federal employee while he was acting as informant against clients on behalf of the IRS); and (3) *Leaf v. United States*, 661 F.2d 740 (9th Cir. 1981)(DEA informant on covert mission was "agent" of federal government). The United States' effort to distinguish these cases from the facts at hand is not convincing. Additionally, the Court notes that other decisions have found informants in similar situations as Mr. Lochrie to be employees or "acting on behalf of" the Government for purposes of the Westfall Act and the FTCA. *See Guccione v. United States*, 847 F.2d 1031 (2nd Cir. 1988); *Socialist Workers Party v. Attorney Gen'l of the U.S.*, 642 F.Supp. 1357 (S.D.N.Y. 1986). Accordingly, the Court finds that Lochrie was acting on behalf of the federal government at the time of the incidents out of which Plaintiff's claims arose.

As the Court concludes Mr. Lochrie an employee for purposes of the Westfall Act, the next consideration is whether he was acting within the scope of his employment. The plaintiff has the burden of showing that the employee's conduct was outside the scope of his employment in order to prevent the substitution of the government for the employee as the defendant in the suit. *Brown v. Armstrong*, 949 F.2d 1007, 1013 (8th Cir. 1991). Plaintiff's response contends Lochrie is a thief and a "con artist" but provides nothing to convince the Court that Lochrie was acting outside the scope of his employment. Additionally, the United States submits that if the

AO72A
(Rev. 8/82)

Court concludes Lochrie was an employee that it should find he was acting within the scope of such employment. The Court finds that Lochrie was an employee for purposes of the Westfall Act and was acting within the scope of his employment.

Accordingly, Plaintiff's claims against Separate Defendant Patrick Lochrie are DISMISSED, and the United States is substituted as party-defendant on those claims.

**Conclusion**

The Court finds that Separate Defendant Lochrie's Motion for Certification (Doc. 84) is GRANTED. Accordingly, Plaintiff's claims against Separate Defendants Lochrie are DISMISSED WITH PREJUDICE, and the United States is substituted as party-defendant on those claims.

IT IS SO ORDERED this 1st day of April 2008.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge