```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

SHIMODA-ATLANTIC, INC.                                         PLAINTIFF

VS.                    CASE NO. 06-CV-5109

TALON HOLDINGS, INC.,
MIX GROUP OF SOUTH FLORIDA, INC.
and UNITED STATES OF AMERICA
                                                              DEFENDANTS

## MEMORANDUM OPINION & ORDER

Currently before the Court is the United States of America's Motion to Dismiss and Brief in Support (Docs. 97-98), Plaintiff's Objection (Doc. 100) and the United States' Reply (Doc. 101). Also before the Court is Plaintiff's Motion to Set for Evidentiary Hearing or, alternatively, to Compel Discovery (Doc. 99).

The Court finds, for the reasons set forth below, that the United States' Motion to Dismiss (Doc. 97) is GRANTED, Plaintiff's Motion for hearing or to compel discovery is DENIED (Doc. 99) and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

### Background

Plaintiff initially filed a complaint against Talon Holdings, Inc. (Talon); the Mix Group of South Florida, Inc. (Mix Group); John Doe #1 a/k/a John v. Firo a/k/a Thomas V. Faro (Firo); Robert Bettes a/k/a Robert O. Brewer (Bettes); Patrick Joseph Lochrie (Lochrie); John Doe #3 a/k/a Mohammed Galani a/k/a Mohammed Gilani (Galani); the National Association of Securities Dealers, Inc.

(NASD); and NASD Regulation, Inc. (NASD Regulation), in the Circuit Court of Benton County, Arkansas, Civil No. 06-1095, alleging theft of trade secrets, violations of the Arkansas Securities Act, fraudulent inducement and violations of NASD Rule 3020.  Separate Defendants NASD and NASD Regulation removed the case on June 16, 2006 (Doc. 1).  Since that time, many of the defendants have been dismissed from the case (Docs. 30, 60).  The only remaining defendants are Talon, the Mix Group, and the United States.[1]

The United States filed a motion to dismiss the action against itself, as well as Talon and the Mix Group, for lack of subject matter jurisdiction (Doc. 97) alleging that the claims against these Separate Defendants are now claims against the United States pursuant to the Federal Tort Claims Act and must be dismissed on grounds of sovereign immunity as Plaintiff failed to exhaust its administrative remedies prior to filing suit.  Alternatively, the United States contends the action should be dismissed against Talon and the Mix Group as Plaintiff failed to effect timely service of process with respect to either defendant.  Plaintiff requests an evidentiary hearing or permission to conduct discovery with respect to the remaining defendants.

### **Analysis**

The United States moves to dismiss all claims against it,

---

[1] On April 1, 2008, the Court granted Lochrie's Motion for a certification of scope of employment and substituted the United States.

Talon and the Mix Group as Plaintiff failed to exhaust its administrative remedies in accordance with the Federal Tort Claims Act. *See* 28 U.S.C. § 2679(a). The United States contends that Talon and the Mix Group are fictitious businesses created by the Federal Bureau of Investigation (FBI) to provide cover for undercover agents. Therefore, they are "federal agencies" within the meaning of the FTCA and not subject to suit in their own names. See 28 U.S.C. §§ 2671, 2679(a). Accordingly, Plaintiff's claims against these defendants are claims against the United States and subject to the exhaustion requirement.

Plaintiff did not respond to this motion, but requested that the Court set the matter for an evidentiary hearing and permit Plaintiff to conduct discovery. Plaintiff provides no adequate reason why it cannot respond to the motion to dismiss without the benefit of discovery, and the Court finds none. Accordingly, the Court finds that the motion should be GRANTED, and all claims against the United States, Talon and the Mix Group are DISMISSED for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds of sovereign immunity.[2]

---

[2] Alternatively, it appears that neither Talon or the Mix Group were properly served, and the time for service has long past. Plaintiff did not respond to this motion. Therefore, the Court would dismiss these defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**Conclusion**

The Court finds that the United States' Motion to Dismiss (Doc. 97) is GRANTED, Plaintiff's Motion for hearing or to compel discovery is DENIED (Doc. 99) and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 15th day of May 2008.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge